## MARY ANN GREEN, widow, *vs.* SARAH TENNANT.

In dower the widow is entitled to damages for the detention, as against a purchaser of the husband's title after his death, only from the date of the purchase, and not from the death of the husband.

Dower in such case is to be assigned according to the value of the land at the time of the alienation, without regarding improvements subsequently made by the alienee.

SUMMONS in dower. Narr.

"Sussex County, ss.          October Term, 1837.

Whereupon, the said Mary Ann Green, who was the wife of William W. Green, by John P. Brinckloe and Alexander C. Bullett, her attorneys, demands against the said Sarah Tennant, the one-third part of one house and lot of ground with the appurtenances, situate, lying and being in the village of Seaford, in North West Fork hundred, in Sussex county aforesaid, which said third part the said Mary Ann claims as her dower, of the endowment of the said William W. Green, heretofore her husband, whereof she hath nothing, &c., and which the said Sarah Tennant unjustly detains from her, to the damage of the said Mary Ann of five hundred dollars, lawful money of the State of Delaware; and therefore, she brings her suit, &c.

*Brinckloe* and *Bullett,* pro demandant.        Doe } <br> & } Pledges, &c. <br> Roe }

Pleas.—1. That the said William W. Green was not possessed of such an estate of inheritance as would entitle the said Mary Ann to be endowed. 2. Ne unques accouple, &c. 3. The statute of limitation. Replications and issues.

Judgment for the demandant by consent; and the court appointed commissioners to lay off the dower, and to assess damages for the detention, with instructions, which the demandant's counsel prayed.

*Bullett,* pro demandant:

William W. Green died seised, leaving the demandant his wife. After his death, the land and premises were sold by the sheriff on execution process against him, and the defendant became the purchaser. The question then is, from what time shall damages be allowed, and by what rule shall they be assessed?

By the act of assembly of this state, damages are allowed generally without specification.

By the statute of Merton, damages were given from the death of the husband, and not merely from the title accrued, without regard to any alienation by the heir. In the time of Sir Edward Coke. he found the law somewhat changed; if the heir would plead tout temps prist. et encore prist: but it was said expressly, that this did not extend to the *alienee* of the heir.

I agree that the decisions in equity are somewhat at variance with this; but I think the authorities may be distinguished. The courts of equity commenced with cases where the courts of law could not give damages; where the husband did not die seised.

We contend that the commissioners ought to allow damages not merely from the time Mrs. Tennant's title accrued, but from the death of William Green.

The writ de dote assignanda seems to apply to tenants in capite of the king and their widows only, according to *Fitzherbert ;* but all the authorities are positive on the point, that none but the heir or devisee can plead " tout temps prist" to the effect of barring the widow's claim for damages, from the death of the husband; and therefore, we contend that Mrs. Tennant, who claims by collateral title derived from the sheriff, under an execution taken out after the death of William Green, must pay damages from the death; and that it was her own folly not to have provided for indemnity from the heir, the sheriff or any intermediate alienee: she did not plead " tout temps prist," and she could not have sustained such a plea, for the obvious reason, that she did not hold from the death, and therefore, it would have been false. 2 *Bac. Ab.* (*old Ed.*) 149. *Dower,* 1. L.

2. I pray instructions to the commissioners for assigning dower that they assess the damages without reference to repairs or improvements made since the death. Where the husband dies seised, the heir knows that the widow is entitled to her one-third of all; and his improving it is his voluntary act or his folly. The case is still stronger

in reference to the alienee of the heir. 2 *Johns. Rep.* 485. In case of alienation by the husband himself, the widow is not entitled to recover according to the improved value; but the rule is different in case of the husband dying seised; for it is the heir's folly to improve.

*Wootten*, contra, contended that the widow was entitled to damages from this defendant only from the time of the purchase at sheriff's sale. She had no possession prior to that; and it does not appear that the demandant herself was not in possession and in the receipt of the profits prior to the sale. It is usual for the widow and heir to continue in possession after the husband's death. This is the case of a demand in a suit at law of damages for the detention of money, and to such a case the statute of limitation is applicable. It is here pleaded. It would be monstrous that the widow should recover a third of all improvements.

*Bullett.*—The answer is, that it is always competent to the heir or assignee to lay it off, and it is his own folly to improve without first assigning dower.

*Wootten.*—The act gives dower on the application of the widow. It is to be at her suit; entirely within her control. It is her neglect in not asking it sooner. The heirs and their alienee have been always ready to assign the dower. They do now, on her first application, confess judgment for dower and for damages; but only for damages since the title accrued.

*Brinckloe.*—The case of *Newbold & Newbold* was in chancery, and not for damages, though that is the term used, but for rents and profits. The purchaser, after the death of the husband, stands in the same condition as the heir. His liabilities are those of the heir.

As to the last observation, the mode of recovering dower by petition in the Orphans' Court does not exclude the common law remedy; it is only enlarging the remedies for the benefit of the widow. Dower may yet be assigned by the heir as at common law. There is no act of limitation applicable to dower, or the damages arising upon it.

*Per Curiam.*—On this case and the case of Coulter and Holland last argued, we have to say, that there is scarcely any subject on which the law is more afloat in this state, than that of dower. The questions here raised, and there, are important. We shall, therefore, take time to consider them. This is the first case of a suit for dower at law under the act of 1829. In some respects, this proceeding may be preferable to proceeding in the Orphans' Court.

The court afterwards made the following entry, and directed a copy of it to be delivered to the commissioners appointed to assign the dower.

To the question, *from what date* the damages for detention of dow-

er in this case shall be assessed, we answer that such damages must be assessed from the time of the sale to the purchaser, Sarah Tennant, the defendant.    (See 1 *Harr. Rep.* 55.)

To the question, on what principle the dower shall be laid off, we answer that we consider from the facts of the case as stated and admitted at the bar, viz : that the defendant, Sarah Tennant, was a purchaser at sheriff's sale of the husband's right and title in the land, and is to be regarded as the alienee of the husband ; the widow, Mary Ann Green, takes her dower according to the value of the land at the time of the alienation, and not according to its subsequent or improved value.    But the widow is entitled to the advantage of the increased value of the land, arising from extrinsic or collateral circumstances, unconnected with the direct improvements of the alienee, Sarah Tennant, by her particular labor or expenditures.    The widow, Mary Ann Green, is therefore, entitled to her dower, laid off according to the enhanced value arising from the increased prosperity of the country, or the erection of establishments or improvements in the neighborhood ; but not according to the value as enhanced by the actual improvements of the purchaser, Sarah Tennant.    4 *Kent's Com.* 65, 66, 67, 68 ; 3 *Mason's Rep.* 368, 375 ; 3 *Mass. Rep.* 544 ; 5 *Serg. & Rawle,* 289.

*Bullett* and *Brinckloe*, for plaintiff.

*Wootten*, for defendant.